IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MICHAEL COLEMAN §<br>and CHERRYLYN LINCOLN §<br>§<br>VS. §<br>§<br>JPMORGAN CHASE BANK, N.A. f/k/a §<br>JPMORGAN BANK AS TRUSTEE, on §<br>behalf of FIRST FRANKLIN MORTGAGE §<br>LOAN TRUST 2004-FF10, ASSET-BACKED§<br>CERTIFICATES, SERIES 2004-FF1- § | CIVIL ACTION NO. G-06-689 |

## REPORT AND RECOMMENDATION

Before the Court is "Defendant JPMorgan Chase Bank's Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment and Class Action." Although the Motion seeks relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendant, hereinafter JPMorgan, has attached relevant documents which were not attached to the Plaintiff's complaint. Therefore, the Court hereby gives **NOTICE** of its intent to treat the Motion as a Motion for Summary Judgment under Rule 56. The Parties will have a reasonable opportunity to present further pertinent materials with any objections filed to this Report and Recommendation.

On October 31, 2006, Plaintiffs, Michael Coleman and Cherrylyn Lincoln, acting *pro se*, filed their "Complaint for Declaratory Judgment and Class Action." Twenty-three days later, JPMorgan filed the instant Motion. On December 20, 2006, the Plaintiffs filed a Motion to extend the time for filing a response. The Plaintiffs' Motion was granted and they were given until January 20, 2007, to respond to the Motion to Dismiss. The Order granting the extension was returned as "undeliverable" but Plaintiff Coleman has access to PACER; he, therefore, has the

capability and responsibility to monitor this litigation. Nevertheless, no response has been filed to date.

The Plaintiffs' complaint arises out of a non-judicial foreclosure of property in Montgomery County, Texas, purchased by Coleman and, apparently, used by the Plaintiffs in the operation of their business. At the foreclosure sale, JPMorgan purchased the property. Thereafter, JPMorgan filed a Forcible Entry and Detainer action to oust Coleman from the property. That action prompted the filing of this one.

In their complaint, the Plaintiffs first allege that the Texas foreclosure and Forcible Entry and Detainer statutes and procedures are violative of the Fifth and Fourteenth Amendments to the United States Constitution because they deny due process to defendant evictees. These causes of action are completely meritless. As JPMorgan points out, in Barrera v. Security Building & Investment Corp., 519 F.2d 1166 (5thCir. 1975), the Fifth Circuit held that Texas' non-judicial foreclosure practice involves no state action, a necessary element of a cognizable constitutional claim. As to the Plaintiffs' attack on Texas' Forcible Entry and Detainer proceedings, a simple review of the pertinent Texas statutes and Rules of Civil Procedure demonstrate that a defendant to such an action receives ample notice and the opportunity to be heard, the two fundamentals of due process. See McCray v. Good, 384 F.Supp. 604, 607 (S.D.Tx. 1974)   Indeed, Plaintiff Coleman got notice of JPMorgan's Forcible Entry and Detainer proceeding, made an appearance, and removed it to this Court in Civil Action No. G-06-688. Finally, Forcible Entry and Detainer proceedings do not preclude defendants, like the Plaintiffs here, from challenging the title to the property in question or the legitimacy of the foreclosure process. The Plaintiffs are certainly free

to file suit to determine their rights, if any, to the property in question. The Plaintiffs' due process claims must, therefore, be dismissed.

Plaintiffs next claim that JPMorgan lacked authority to enforce the provisions of the Promissory Note and Deed of Trust executed by Coleman when he purchased the property on August 6, 2004. However, an examination of relevant documents submitted by JPMorgan with its Motion show that all beneficial interests under the Deed of Trust and Promissory Note were assigned by the original lender to JPMorgan on December 20, 2005, long before Coleman's default and the resultant foreclosure sale on September 5, 2006. Therefore, the unchallenged summary judgment evidence of JPMorgan defeats the Plaintiffs' claim.

Finally, the Plaintiffs seek class certification on behalf of all other similarly situated borrowers. Since the Plaintiffs have failed to assert any viable claims, there is no basis for a class action.

For all of the foregoing reasons, this Court **RECOMMENDS** that the redesignated Motion for Summary Judgment (Instrument no. 5) of Defendant JPMorgan Chase Bank, N.A. be **GRANTED** and that all claims asserted by Plaintiffs, Michael Coleman and Cherrylyn Lincoln, in their "Complaint for Declaratory Judgment and Class Action" (Instrument no. 1) be **DISMISSED with prejudice**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **February 16, 2007**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections**

filed **SHALL** be contained in a written document specifically entitled **"Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____30th_____ day of January, 2007.

John R. Froeschner
United States Magistrate Judge